Black *vs.* Lewis *et al.*

BLACK *vs.* LEWIS *et al.*

Whatever errors may have been committed, a new trial will not be granted when a different verdict, if rendered, would not be allowed to stand.

Claim, from Dougherty county. Tried before Judge AL-LEN, at December Term, 1859, Dougherty Superior Court.

A *fi. fa.* in favor of William A. Lewis against Abraham A. Danforth was levied on two negroes named Titus and Biddy. Danforth, as agent for Robert C. Black, trustee of Danforth's wife, claimed that the property belonged to Mrs. Danforth—the claim being made April 28th 1858.

The case was tried on the appeal at the term of Court above mentioned, and the Jury rendered a verdict subjecting the property, and found ten per cent. damages against the claimant for putting in the claim.

The evidence introduced on the trial is as follows:

The plaintiff, after offering his *fi fa.* with the levy thereon, proved, that the defendant in *fi. fa.*, Danforth, was in possession of the negroes both before and after the judgment of plaintiff was obtained and that said Danforth had been in possession from the time he came to Albany until the levy was made.

The claimant introduced and read in evidence a bill of sale from said Danforth to Henry H. Brown, dated August, 28th, 1857, and conveying the negroes levied on to said Brown—the consideration stated being $1,800 00. Claimant then read the testimony of John V. Price, whose statement was as followed: He has held various notes or drafts on A. A. Danforth, as acceptor of the drafts and owner of the notes. They were paid at various times by Danforth himself, and one draft for $423 00 was paid by Brown & Carmichael, and he thinks another was paid by Henry H. Brown, but does not recollect the amount nor the time when paid.

The testimony of Thos. H. Brown, taken by commission, was then read by claimant. Brown stated: That he had before seen certain notes annexed to the interrogatories in the possession of Henry H. Brown; he saw the note for 1,005,00 about the 1st of November, 1856; does not recollect the exact time when he he saw the note for $1,256 00, but

thinks it was in the latter part of 1856, or early in 1857. He further stated, that the note for $1,005 00 was given by A. A. Danforth for money advanced to him by H. H. Brown, and that the note for $1,256 00 was given to H. H. Brown for a note held by John V. Price, made by Danforth, and payable to H. A. Scott, and which Price had shaved to Brown; such, the witness says, were the statements of H. H. Brown at the time he shaved the notes to witness. This witness also stated, that he had seen another note for about $1,300 00 on said Danforth, in the hands of H. H. Brown, but did not remember the date of the note, nor when it fell due; was not present at the execution of either of the notes mentioned.

The witness testifies, on cross-examination : That Danforth sold a house and lot in Albany to H. H. Brown, and Brown sold it to F. K. Wright; Danforth received from Brown a house and lot in Americus, and a note on said Wright for $2,500 00.

Claimants then read two notes made by Danforth, one for $1,005 00, dated October 25th, 1856, and payable on the 25th of December thereafter to H. H. Brown or order, and the other for $1,256 00, dated March 26th, 1856, and payable to said Brown one day after its date.

The execution of the notes by Danforth was admitted by plaintiff, and it was also admitted that H. H. Brown was one of the firm of Brown & Carmichael, and that Danforth's wife is a daughter of said Brown.

Plaintiff then offered John M. Kendall, who proved, that Danforth built the house in Albany now occupied by F. K. Wright. Plaintiff then proved by Wright that he paid for said property $2,500 00 and a house in Americus estimated in the trade at $2,000 00; that he took a deed from H. H. Brown for the property, and that Danforth resided on the premises at the time of the sale, and continued to reside there until he, Wright, moved in.

The verdict having been for the plaintiff, as stated, the claimant moved for a new trial on the following grounds :

1st. Because the verdict is contrary to the evidence.

2d. Because the verdict is contrary to the law.

3d. Because the Court erred in refusing to charge, as requested, that the antecedent debt of Danforth to Brown explained the continued possession of Danforth.

4th. Because the Court omitted to charge, that said antecedent debt was a circumstance the jury could take into consideration to explain the subsequent possession, although not specially requested so to do.

The Court refused to grant a new trial, and counsel for the claimant now assign that judgment of the Court as error.

Immediately after the trial of the above stated case in the Court below, several cases were reached on the docket where *fi. fas.* in favor of different plaintiffs against the same defendant had been levied on the same property involved in the trial, to-wit: the two negroes Titus and Biddy, and a claim interposed by the same claimant.

When these cases were called, claimant moved to continue them for the term, on the ground, that the jury in attendance on the Court had already passed on the issues involved.

The Court refused to continue, but postponed the cases until the week following, when a new jury was to be empanelled.

When the cases were again called, a different jury being in attendance, counsel for claimant moved to continue them, stating in his place as a ground therefor, that he believed he could, at the next Term of the Court, procure evidence to explain fully the subsequent possession of Danforth, so as to come up to the ruling of the Court on that subject.

The Court refused to continue the case, and claimant's counsel assign as error the postponement of the case by the Court from the first to the second week, and the then refusal of the Court to allow a continuance on the showing made.

The verdicts in all these cases were against the claimant, and he was allowed, by consent, to embrace all the cases in one bill of exceptions.

CLARK & LIPPITT, for plaintiff in error.

VASON & DAVIS, STROZIER & SMITH, HINES & HOBBS and IRVIN & BUTLER, for defendant in error.

*By the Court.*—STEPHENS, J., delivering the opinion.

It is useless to consider the errors assigned in this case, for, however many there may be, with all of them corrected,

the result of a new trial could not be different from the present verdict. A verdict for the claimant in this case could not stand if rendered, and it would be trifling with justice to grant a new trial in order to afford an opportunity of rendering a verdict which could not stand when rendered. The plaintiff in execution made a clear *prima facie* case by showing his *fi. fa.* and possession in defendant, while the claimant showed not one particle of evidence of title in himself. Indeed, he made no attempt to show title in himself, but directed all his efforts to showing title in another person— Brown. The true issue in a claim case is, whether or not the *claimant* has such an interest in the property as entitles him to prevent the sale of it, and he is not allowed to show title in a third person. Such proof is irrelevant.

Judgment affirmed.